NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAUN STUKES, | Civ. No. 17-2225 (RBK) (JS) |
| Plaintiff, | |
| v. | **OPINION** |
| WARDEN GERALDINE COHEN, et al. | |
| Defendants. | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Before the Court is the civil rights complaint of Plaintiff, Shaun Stukes, brought pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has previously been granted *in forma pauperis* status in this matter. (ECF No. 8). This Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, the Court must dismiss Plaintiff's claims if they are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune. For the reasons explained below, the Court will permit Plaintiff's complaint to proceed in part, and will dismiss it in part.

## II. FACTUAL BACKGROUND

The allegations of this complaint will be construed as true for purposes of this screening opinion. Plaintiff brings this civil rights action against Defendants Warden Geraldine Cohen, Atlantic County Justice Facility ("ACJF"), and CFG Health Systems, LLC ("CFG"). (*See* ECF No. 1). Plaintiff's allegations arise from conduct that occurred while he was incarcerated at the ACJF as a pretrial detainee.

Plaintiff alleges that after he was shot in his legs, thighs and foot, he was placed under arrest and brought to ACJF after being transferred from AtlantaCare Regional Medical Center. (ECF No. 1 at 4). Once there, Plaintiff states that CFG persistently denied him medical care, despite him having submitted over twenty medical complaints. (*Id.*). He further states that in February of 2017, he had an infection that reached the bone in his leg, which forced him to undergo emergency surgery. (*Id.*). Plaintiff alleges that Warden Geraldine Cohen was told at least ten times of Plaintiff's leg infection, and his excruciating pain. (*Id.*). He also states that Warden Cohen ordered specific treatment be withheld from him, under the pretense that Plaintiff's required medical procedure was too costly. (*Id.*).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A Plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

IV. **ANALYSIS**

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### A. Claims against Atlantic County Justice Facility

Plaintiff has named the ACJF as a defendant in his complaint. A jail, however, is not a "person" amenable to suit under § 1983. *See Seagraves v. Treachler*, No. 15-7801, 2016 WL 1223300, at *4 (D.N.J. Mar. 29, 2016) (citing *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)); *Parrish v. Ocean Cnty. Jail*, No. 13–2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983). Accordingly, the Court will dismiss with prejudice all claims against ACJF.

### B. Claims against CFG Health Systems

Plaintiff asserts a claim against CFG for deliberate indifference to his serious medical needs. (ECF No. 1 at 5). Stated differently, because Plaintiff has not identified specific employees of CFG, he appears to allege that CFG is liable on the basis of *respondeat superior*, for the deliberate indifference of its employees towards Plaintiff's medical needs.

Under § 1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable on the theory of *respondeat superior*. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669–70 (3d Cir. 2010) (noting that a private corporation providing medical service at a state correctional facility cannot be held liable under a theory of *respondeat superior* in a § 1983 suit). Instead, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690–92 (1978), a private corporation can be held liable for constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Here, no such custom or policy is specifically alleged by Plaintiff with respect to CFG. Instead, Plaintiff alleges only that CFG was deliberately indifferent to *his* medical complaints and

failed to provide *him* treatment. Without facts establishing that the alleged deliberate indifference stems from a specific policy, Plaintiff cannot proceed on this claim. Accordingly, claims as to CFG will be dismissed without prejudice.

### C. Claims against Warden Cohen

Plaintiff alleges that he "advised" Warden Cohen "at least ten times" that he was in "excruciating pain" and that his "leg was infected." (ECF No. 1 at 4.) He also states that Warden Cohen "ordered specific treatment withheld under the pretense that the needed medical procedure was too costly." (*See* ECF No. 1 at 4).

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). The Third Circuit has explained that if a prisoner is under the care of medical experts, a non-medical prison official cannot be deliberately indifferent for failing to respond to an inmate's medical complaints, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner".[1] *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). This is because "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* Here, while Plaintiff received medical care from CFG, Plaintiff contends that he advised Warden Cohen numerous times of his excruciating pain and infection. He also appears to allege that Warden Cohen was personally involved in decision making related to his medical

---

[1] While Plaintiff is a pretrial detainee, and his claim is evaluated under the due process clause of the Fourteenth Amendment, it is appropriate to evaluate a plaintiff's "Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment". *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

treatment, by denying him a specific medical procedure. These facts, taken as true, are sufficient at this stage to state a claim against Warden Cohen for deliberate indifference to Plaintiff's medical needs. He indicates that Warden Cohen was both aware and personally involved in his alleged inadequate medical treatment. Accordingly, the Court will permit Plaintiff's deliberate indifference claims as to Warden Cohen to proceed.

V. **CONCLUSION**

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the Atlantic County Justice Facility, and will dismiss without prejudice Plaintiff's § 1983 claims against CFG Health Systems, LLC. The Court will permit Plaintiff's deliberate indifference claims to proceed against Warden Geraldine Cohen. An appropriate order follows.

Dated: August 20, 2018                                s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge