UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAUN STUKES, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 17-2225 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| WARDEN GERALDINE COHEN, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Before the Court is Defendant's motion for summary judgment pursuant to Rule 56. (ECF No. 43). Plaintiff did not file an opposition. Thereafter, the Court terminated the matter pursuant to *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), to provide the parties with additional notice and an opportunity to respond before deciding factual disputes, such as exhaustion, on summary judgment. (ECF No. 46). Defendant Cohen advised that she wishes to rely on her original brief, and Plaintiff did not file a supplemental brief. For the following reasons, the Court will grant Defendant's motion for summary judgment.

### I. BACKGROUND

As the parties are intimately familiar with the facts of this case, and because the Court has already set forth the background of this matter in its earlier Opinion, (ECF No. 9), the Court will only set forth the background necessary to address the instant motion. In its earlier Opinion, this Court dismissed the other defendants in this matter, such that Defendant Cohen is the only remaining Defendant in this case.

Plaintiff's allegations arise from events that took place while he was incarcerated at the Atlantic County Justice Facility ("ACJF"), as a pretrial detainee. Plaintiff alleges that after

receiving gun shots to his legs, thighs, and foot, officers arrested him and transferred him from a hospital to the ACJF.  Once there, Plaintiff states that staff persistently denied him medical care, despite him having submitted over twenty medical complaints.  He further contends that in February of 2017, he had an infection that reached the bone in his leg, which forced him to undergo emergency surgery.  Plaintiff alleges that Defendant, the warden, was told at least ten times of his leg infection and excruciating pain.  He also states that Defendant withheld specific treatment from him, under the pretense that Plaintiff's required medical procedure was too costly.

At his deposition, Plaintiff admitted that he only informed CFG staff and assumed that they would inform Defendant Cohen but was unable to say whether Defendant Cohen ever had any actual involvement with his medical treatment. (ECF No. 43-1, at ¶ 14, ECF No. 43-4, at 83:12 to 84:25).

With regard to Plaintiff's grievances, the jail provided Plaintiff with an inmate handbook upon his admission to the jail.  As set forth in the handbook, the jail maintains an inmate resolution process that requires inmates to submit an "inmate resolution form," at each level of the chain of command, regarding any issues they have with the jail. (ECF No. 43-1, at ¶ 17).  If an inmate is unsatisfied after completing the informal resolution process, he may file a formal grievance with the warden's office. (*Id*.).  During the course of his incarceration at the ACJF, Plaintiff filed a number of inmate resolution request forms, but never filed a formal grievance with the warden's office.  (*Id*. at ¶ 19).

Defendant now moves for summary judgment under Rule 56.  Defendant argues that summary judgment is appropriate because Plaintiff has failed to exhaust his administrative remedies and therefore, the Prison Litigation Reform Act ("PLRA") bars his claims.  Additionally, Defendant argues that Plaintiff has failed to raise sufficient evidence to support his claims.

## II. STANDARD OF REVIEW

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Cotton*, 572 U.S. at 657. The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof," the moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence that may show that genuine issues of material fact exist). The non-moving party must at least present probative evidence from which the jury might return a verdict in his favor. *Anderson*, 477 U.S. at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 322. "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990).

### III.  DISCUSSION

Defendant contends that summary judgment is appropriate because Plaintiff has failed to exhaust his administrative remedies.  The Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, precludes prisoners from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir.2004).  Specifically, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e (a) (emphasis added).

The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Coulston v. Glunt*, 665 F. App'x 128, 132 (3d Cir. 2016).

A plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the requested relief. *Porter*, 534 U.S. at 524.  The prisoner must "carry the grievance through any available appeals process" in order to successfully exhaust his claim. *Camino v. Scott*, No. 05–4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing *Spruill*, 372 F.3d at 232).  Failure to exhaust is an affirmative defense, and as such, defendants have the burden to plead and prove that a plaintiff has failed to exhaust. *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013).

To determine whether a prisoner has exhausted his administrative remedies, the Court looks to the facility's applicable grievance procedure and rules, in this case, the ACJF. *See Jones*

*v. Bock*, 549 U.S. 199, 218 (2007). The ACJF's inmate handbook provides for two types of procedures relevant to this case, informal resolution forms and formal grievances. (ECF No. 49-5, at 25–26). An inmate may voice an informal complaint through an inmate resolution form, through the ordinary chain of command, *i.e.*, officer, sergeant, lieutenant, and shift commander. An officer at each level will return an inmate resolution form approving or denying the request and explaining the decision. If an inmate is not satisfied with the result after completing all levels of the informal resolution process, an inmate must file a formal grievance with the warden's office.

With those principles in mind, the Court finds that Plaintiff has failed to exhaust his administrative remedies. As discussed above, during the course of his incarceration at the ACJF, Plaintiff filed a number of inmate resolution forms, on a number of issues including his medical treatment, but apparently, never filed a formal grievance with the warden's office. Consequently, Plaintiff failed to complete the ACJF's administrative grievance procedure and has failed to exhaust his claims.

It is possible that Plaintiff could have raised evidence to the contrary, but he did not file an opposition to the instant motion or submit anything in response to the Court's *Paladino* notice. Accordingly, the PLRA bars Plaintiff's claims, and the Court will grant Defendant's motion for summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Court will grant Defendant's motion for summary judgment. An appropriate Order follows.

DATED: July 21, 2020                                                              s/Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge